IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fornix Holdings LLC, *et al.*, | No. CV-23-00309-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Unknown Party, *et al.*, | |
| Defendants. | |

The Court previously entered Temporary Restraining Orders ("TROs") in this matter locking four websites operated by Defendant John Doe #1 d/b/a Justswallows.com ("JS") and Defendant John Doe #2 d/b/a xgloryhole.com ("XGH," collectively with JS, "Infringing Defendants"), on which they unlawfully copied, hosted, and redistributed the copyrighted works of Plaintiffs and third parties. (Docs. 17 and 26.)[1] In issuing the TROs, the Court set a hearing as required by Federal Rule of Civil Procedure 65(b)(3), requiring the Infringing Defendants to appear on March 30, 2023 to show cause, if any, why the Court should not enter a preliminary injunction enjoining them from the conduct temporarily restrained by the TROs. The Court required Plaintiffs to serve on the Infringing Defendants a copy of the summons and complaint, the TROs, and all papers filed in support

---

[1] Plaintiffs also initially named as defendants three parties—Porkbun LLC, VeriSign, Inc., and Cloudflare, Inc.—against whom Plaintiffs do not seek affirmative relief or damages, and who were named solely to provide notice and the opportunity to object to injunctive relief against the Infringing Defendants. (Doc. 1, Verified Complaint, ¶ 5 n.1.) VeriSign was voluntarily dismissed after the parties stipulated that VeriSign would effectuate any Orders from the Court that are within its legal and technical capabilities. (Doc. 19.) For their part, Porkbun and Cloudflare have indicated they take no position on Plaintiffs' requested relief and will comply with the Court's Orders pertaining to the same.

of the TROs, at certain email or online form addresses, or by any other means authorized under the Federal Rules of Civil Procedure, owing to the Infringing Defendants' efforts to avoid identification and Plaintiffs' inability to obtain identifying information without discovery. The Court required Plaintiffs to file proof of service on the docket.

Plaintiffs complied with the Court's Orders, and the Court called the preliminary injunction hearing to order at 10:40 a.m. (Arizona time) on March 30, 2023. No Defendant appeared at the hearing, either themselves or through counsel, nor did any Defendant evince any intent to participate. The Court therefore concluded that Plaintiffs' proffered evidence is unrefuted and the same analysis pertaining to Plaintiffs' request for temporary injunctive relief obtains as to their request for preliminary injunctive relief; that is, (1) Plaintiffs are likely to succeed on the merits of their copyright infringement claim under 17 U.S.C. § 501; (2) Plaintiffs are likely to succeed in showing that irreparable harm is occurring as a result of the infringement; (3) the balance of equities tips in Plaintiffs' favor; and (4) the injunctive relief is in the public interest. Pursuant to Rule 65(a)(2), the Court advanced the trial on the merits of Plaintiffs' claim for permanent injunctive relief and consolidated it with the preliminary injunction hearing, deeming admitted those declarations and exhibits offered in support of Plaintiffs' TRO application.

Between the time the TROs were issued and the preliminary injunction hearing was held, Plaintiffs filed a Verified First Amended Complaint (Doc. 27, "FAC") and Second *Ex Parte* TRO Application (Doc. 35). Plaintiff sought to lock a new fourth website, <justswallows.org>, that appears to be identical to the three other websites set up by Defendant JS, <justswallows.com>, <justswallow.net>, and <justswallows.co>, and contains many of the infringing materials previously located at the now-locked websites. (Doc. 35-2, Declaration of David L. Graves ¶¶ 15, 17–19.) Investigation by Plaintiffs revealed that <justswallows.org> was registered on February 24, 2023, only two days after Porkbun suspended <justswallow.net> and <justswallows.co> upon notice of the initiation of Plaintiffs' lawsuit. (Doc. 35-3, Declaration of David D. Lin ¶ 8.)[2]

---

[2] In their FAC, Plaintiffs name as defendants two new parties—Sav.com, LLC and Public Interest Registry ("PIR")—against whom Plaintiffs do not seek affirmative relief or

At the consolidated preliminary injunction hearing and trial-on-the-merits, the Court took into evidence the declaration and exhibits submitted in support of Plaintiffs' Second *Ex Parte* TRO Application. After considering this evidence—and having received no contrary evidence—the Court found Plaintiffs had shown, by at least a preponderance of the evidence, that Defendant JS is operating <justswallows.org> to continue to infringe on Plaintiffs' copyrights. The Court therefore held that the injunctive relief granted as to the first three websites operated by Defendant JS will obtain to the fourth website.

Finally, at the hearing, counsel for Plaintiff raised the issue of Plaintiffs' request for permanent relief in the form of an Order that the domain names <justswallows.com>, <justswallow.net>, <justswallows.co>, <justswallows.org>, and <xgloryhole.com> be transferred to an account under Plaintiffs' control. The Court took Plaintiffs' request under advisement and permitted them to file supplemental briefing, if they wish to do so.

**IT IS THEREFORE ORDERED**, for the reasons described above and set forth more fully on the record at the telephonic hearing held on March 30, 2023, converting the Temporary Restraining Orders previously entered in this matter to a Permanent Injunction and granting in part Plaintiffs' Second *Ex Parte* TRO Application (Doc. 35).

**IT IS FURTHER ORDERED** that VeriSign, Inc. and Porkbun LLC, as the registry and registrar, respectively, for the domain names <justswallows.com>, <justswallows.co>, <justswallow.net>, and <xgloryhole.com> shall continue to deactivate the domain names and place a registry hold on them to prevent transfer pending further Order from this Court.

**IT IS FURTHER ORDERED** that Defendant Cloudflare, Inc., as the provider of reverse-proxy, CDN, and other services to the websites at the domain names <justswallows.com>, <justswallow.net>, <justswallows.co>, <justswallows.org> and

---

damages, and who were named solely to provide notice and the opportunity to object to injunctive relief against the Infringing Defendants. (FAC ¶ 5 n.1.) Plaintiffs have filed proof that they personally served Sav.com and PIR with the summons and FAC, and the Second *Ex Parte* TRO Application and supporting documents on March 24, 2023. (Docs. 38 and 39.) On April 3, 2023, the parties filed a Stipulation of Voluntary Dismissal Without Prejudice of PIR (Doc. 42) in which they stipulated PIR will effectuate the Court's Orders that are within its legal and technical capabilities, which the Court will grant by separate Order. As of the date of this Order, Sav.com has not filed anything on the docket, nor otherwise indicated its opposition to Plaintiffs' requested relief.

<xgloryhole.com>, shall cease or continue to cease providing all services to these websites pending further Order from this Court.

**IT IS FURTHER ORDERED** that Defendant Public Interest Registry, as the registry for the domain name <justswallows.org>, immediately upon notice, and without providing advance notice to Defendant JS, shall deactivate the domain name and place a registry hold on it to prevent transfer pending further Order from the Court.

**IT IS FURTHER ORDERED** that the Infringing Defendants shall continue to (a) deactivate and prevent the transfer of the domain names <justswallows.com>, <justswallow.net>, <justswallows.co> and <xgloryhole.com>; (b) deactivate and permanently delete the websites at each of these domain names; (c) delete all copies of Plaintiffs' copyrighted works, which have been uploaded to any third-party websites associated with these domain names; and (d) cease providing all services for the maintenance and support of the websites at each of these domain names.

**IT IS FURTHER ORDERED** that Defendant JS shall (i) deactivate and prevent the transfer of the domain name <justswallows.org>; (ii) deactivate and permanently delete the website at the said domain name; (iii) delete all copies of Plaintiffs' copyrighted works, which have been uploaded to any third-party websites associated with the said domain name; and (iv) cease providing all services for the maintenance and support of the website at the said domain name.

**IT IS FURTHER ORDERED** that Plaintiffs may file supplemental briefing, not to exceed 6 pages, on the issue of Plaintiffs' request for the Court to order the transfer of the domain names <justswallows.com>, <justswallow.net>, <justswallows.co>, <justswallows.org>, and <xgloryhole.com> to an account under Plaintiffs' control, or to file a notice of election not to proceed with such request, by **5:00 p.m. (Arizona time) on Friday, April 7, 2023**.

Dated this 4th day of April, 2023.

Honorable John J. Tuchi
United States District Judge